IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OSWALDO GALVAN<br>on behalf of himself individually,<br>and ALL OTHERS SIMILARLY<br>SITUATED<br><br>Plaintiffs,<br><br>v.<br><br>PREMIER COIL SOLUTIONS<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.<br><br><br><br>COLLECTIVE ACTION<br>(JURY TRIAL) |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1. Premier Coil Solutions does not pay its Field Service Technicians overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA). Instead, Premier Coil Solutions pays its Field Service Technicians straight time, not time and a half for overtime hours worked. Because these workers are employees under the FLSA, Oswaldo Galvan, and the other Field Service Technicians are entitled to recover unpaid overtime as well as other damages, including damages for unlawful retaliation.

2. Defendant Premier Coil Solutions is a Domestic Corporation. It may be served with process through its Registered Agent, Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701.

3. Whenever in this complaint it is alleged that the named Defendant committed any act or omission, it is meant that Defendant's officers, directors, vice-

1

principals, agents, servants, parent company, subsidiaries or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees.

4. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r).

5. To be clear, this complaint and the allegations contained herein are of the conduct of Defendant Premier Coil Solutions who maintained a uniform pay policy denying overtime wages to its Field Service Technicians and paying them only straight time for hours worked above forty.

6. Defendant Premier Coil Solutions employed Plaintiff and putative class members at its Waller, Texas location.

7. Defendant managed Plaintiff and putative class members throughout the course and scope of their employment.

8. Putative class members are all similarly situated Field Service Technicians who were hired and worked at Premier Coil Solutions and were paid straight time instead of time and a half for hours worked above forty (40) per week during the past three years.

## JURISDICTION AND VENUE

9. This court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

10. Venue is proper because defendant has locations in the Southern District of Texas and many of the relevant facts occurred there.

## PARTIES

11. Oswaldo Galvan worked for Premier Coil Solutions as a Field Service Technician. His written consent is attached.

12. Plaintiff was hired and employed by Premier Coil Solutions at its Waller, Texas location. The type of work performed by plaintiff was consistent with non-exempt employment under the FLSA. Defendant is therefore obligated to pay its non-exempt employees overtime under the FLSA.

13. The "FLSA Class Members" are all Field Service Technicians who were hired and employed by Premier Coil Solutions at all locations throughout the United States, while not being paid time and a half for overtime hours worked in the last 3 years.

FACTS

14. Oswaldo Galvan was an employee of Premier Coil Solutions at its location in Waller, Texas.

15. Oswaldo Galvan was not an independent contractor.

16. No exemption to the provisions of the FLSA excused defendant from its obligation under the FLSA to pay Oswaldo Galvan time and a half for the hours worked past forty (40) each week while employed by defendant.

17. Premier Coil Solutions paid Plaintiff Oswaldo Galvan straight time, not time and a half, for the hours he worked above forty (40) during his employment with defendant.

18. Oswaldo Galvan was employed by Defendant as a Field Service Technician from November 12, 2015 until May 7, 2018.

19. The work performed by Plaintiff was an essential part of the services provided for Defendant's Customers.

20. Premier Coil Solution's Field Service Technicians relied on Defendant for their work.

21. Premier Coil Solutions determined where its Field Service Technicians worked and how they performed their duties.

3

22. Premier Coil Solutions set Field Service Technicians' hours and requires them to report to work on time and leave at the end of their scheduled hours.

23. Premier Coil Solutions' Field Service Technicians at all locations work exclusively for Premier Coil Solutions since they work between 10 and 12 hours a day, as a practical matter, they cannot work anywhere else.

24. Field Service Technicians are not permitted to hire other workers to perform their jobs for them.

25. The Field Service Technicians do not employ staff, nor do they maintain independent places of business.

26. Field Service Technicians employed by defendant are paid based upon the hours they work. They cannot earn a "profit" by exercising managerial skill, and they are required to work the hours required by Premier Coil Solutions each day.

27. The Field Service Technicians employed by Defendant cannot suffer a loss of capital investment. Their only earning opportunity is based on the number of hours they were told to work, which is controlled exclusively by Premier Coil Solutions.

28. Premier Coil Solutions pays Field Service Technicians in return for their labor.

29. Premier Coil Solutions keeps records of the hours it instructed its Field Service Technicians to work. Defendant also keep records of the amount of pay plaintiff and putative class members receive. Plaintiff and putative class members were paid directly via bi-weekly pay checks.

30. Despite knowing of the FLSA's requirements and that Plaintiff and putative class members regularly worked more than 40 hours in a workweek, Defendants paid them straight time instead of time and a half for the overtime hours that they worked.

31. Plaintiff and putative class members seek unpaid overtime wages for the three year period of time preceding the filing of this lawsuit.

## COLLECTIVE ACTION ALLEGATIONS

32. In addition to Oswaldo Galvan, defendant employed approximately two Field Service Technicians at the location where Plaintiff worked. These Field Service Technicians worked over forty hours per week and were paid straight time instead of time and a half for overtime hours worked. These FLSA Class Members performed similar job duties and they were subjected to the same unlawful pay policies. The FLSA Class Members are similarly situated to Oswaldo Galvan.

33. The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

> **All Field Service Technicians at Premier Coil Solutions Who performed work while receiving straight time instead of time and a half for overtime hours worked in the last three years.**

## CAUSE OF ACTION – VIOLATION OF THE FLSA

34. By failing to pay Plaintiff and the FLSA Class Members overtime at one and one-half times their regular rates, Premier Coil Solutions violated the FLSA.

35. Premier Coil Solutions owes Plaintiff and the FLSA Class Members overtime wages equal to one-half their regular rates for each overtime hour worked during the last three years.

36. Premier Coil Solutions knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Plaintiff and the FLSA Class Members is willful.

37. Premier Coil Solutions owes Plaintiff and the FLSA Class Members an amount equal to all unpaid overtime wages as well as liquidated damages.

38. Plaintiff and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

# PRAYER

Plaintiff prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2. Judgment awarding Plaintiff and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Plaintiff and the FLSA Class Members are justly entitled.

Respectfully submitted:

THE FOLEY LAW FIRM
By: */s/ Taft L. Foley II*
Taft L. Foley, II
Federal I.D. No. 2365112
State Bar No. 24039890
3003 South Loop West, Suite 108
Houston, Texas 77054
Phone: (832) 778-8182
Facsimile: (832) 778-8353
Taft.Foley@thefoleylawfirm.com

**ATTORNEYS FOR PLAINTIFFS**