IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| OSWALDO GALVAN on behalf of himself individually, and ALL OTHERS SIMILARLY SITUATED,<br><br>  *Plaintiffs,*<br><br>v.<br><br>PREMIER COIL SOLUTIONS<br><br>  *Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ C.A. NO.: 4:19-cv-00771<br><br>COLLECTIVE ACTION<br>(JURY TRIAL) |

## DEFENDANT PREMIER COIL SOLUTIONS'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Premier Coil Solutions ("Premier Coil" or "Defendant"), files this Original Answer to Plaintiffs Oswaldo Galvan on behalf of himself individually, and all others Similarly Situated ("Galvan" or "Plaintiff") Original Complaint ("Complaint"), and in support states as follows:

### LIMITED GENERAL DENIAL

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant denies all allegations in the Original Complaint except those expressly admitted below.

### ANSWER TO PLAINTIFF'S ALLEGATIONS

In addition to its limited general denial, Defendant specifically responds to the Plaintiff's allegations as follows (which correspond to the Complaint's numbered paragraphs):

### SUMMARY

1.  This Paragraph contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is nonetheless required, Defendant denies the factual allegations

1

in this Paragraph, denies any violation of law, and denies that Plaintiff is entitled to the relief sought.

2.    Defendant admits it is a domestic corporation and may be served with process through its Registered Agent.

3.    This Paragraph does not contain factual allegations that Defendant must admit or deny. To the extent a response is nonetheless required, Defendant denies the factual allegations in this Paragraph, denies any violation of law, and denies that Plaintiff is entitled to the relief sought.

4.    This Paragraph contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is nonetheless required, Defendant denies the factual allegations in this Paragraph, denies any violation of law, and denies that Plaintiff is entitled to the relief sought.

5.    Defendant denies the factual allegations in this Paragraph.

6.    Defendant admits it employed Plaintiff. The remainder of this Paragraph contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is nonetheless required, Defendant denies the factual allegations in this Paragraph, denies any violation of law, and denies that Plaintiff is entitled to the relief sought.

7.    Defendant admits it employed Plaintiff. The remainder of this Paragraph contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is nonetheless required, Defendant denies the factual allegations in this Paragraph, denies any violation of law, and denies that Plaintiff is entitled to the relief sought.

8.    This Paragraph contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is nonetheless required, Defendant denies the factual allegations

in this Paragraph, denies any violation of law, and denies that Plaintiff is entitled to the relief sought.

## JURISDICTION AND VENUE

9.  This Paragraph does not contain factual allegations that Defendant must admit or deny. To the extent a response is nonetheless required, Defendant denies the factual allegations in this Paragraph, denies any violation of law, and denies that Plaintiff is entitled to the relief sought.

10. This Paragraph does not contain factual allegations that Defendant must admit or deny. To the extent a response is nonetheless required, Defendant denies the factual allegations in this Paragraph, denies any violation of law, and denies that Plaintiff is entitled to the relief sought.

## PARTIES

11. Defendant admits Plaintiff worked for Premier Coil Solutions, but denies his title was "Field Service Technician."

12. Defendant admits Plaintiff was employed by Defendant and performed some work at Defendant's Waller, Texas location. The remainder of this Paragraph contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is nonetheless required, Defendant denies the remaining factual allegations in this Paragraph, denies any violation of law, and denies that Plaintiff is entitled to the relief sought.

13. This Paragraph contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is nonetheless required, Defendant denies the factual allegations in this Paragraph, denies any violation of law, and denies that Plaintiff is entitled to the relief sought.

**FACTS**

14. Defendant admits Plaintiff was employed by Defendant and performed some work at Defendant's Waller, Texas location.

15. Defendant admits Plaintiff was not an independent contractor during his employment with Defendant.

16. This Paragraph contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is nonetheless required, Defendant denies the factual allegations in this Paragraph, denies any violation of law, and denies that Plaintiff is entitled to the relief sought.

17. Defendant denies the factual allegations in this Paragraph.

18. Defendant admits Plaintiff was employed by Defendant from November 11, 2015 to May 4, 2018, but denies the remainder of this Paragraph.

19. Defendant admits Plaintiff contributed to Defendant's services to its customers.

20. This Paragraph does not contain factual allegations that Defendant is able to admit or deny. To the extent a response is nonetheless required, Defendant denies the factual allegations in this Paragraph, denies any violation of law, and denies that Plaintiff is entitled to the relief sought.

21. Defendant denies the factual allegations in this Paragraph.

22. Defendant denies the factual allegations in this Paragraph.

23. Defendant denies the factual allegations in this Paragraph.

24. Defendant admits that 'Field Service Technicians' are not permitted to hire other workers to perform their jobs for them while employed by Defendant.

25. Defendant lacks knowledge to admit or deny whether any Field Service Technician employs staff or maintains independent places of business.

26. Defendant denies the factual allegations in this Paragraph.

27. Defendant denies the factual allegations in this Paragraph.

28. Defendant admits it pays Field Service Technicians in return for their labor.

29. Defendant admits it keeps records relating to the employment of Field Service Technicians. The remainder of this Paragraph contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is nonetheless required, Defendant denies the remaining factual allegations in this Paragraph, denies any violation of law, and denies that Plaintiff is entitled to the relief sought.

30. Defendant denies the factual allegations in this Paragraph.

31. This Paragraph does not contain factual allegations that Defendant is able to admit or deny. To the extent a response is nonetheless required, Defendant denies the factual allegations in this Paragraph, denies any violation of law, and denies that Plaintiff is entitled to the relief sought.

## COLLECTIVE ACTION ALLEGATIONS

32. Defendant denies the factual allegations in this Paragraph.

33. This Paragraph contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is nonetheless required, Defendant denies the factual allegations in this Paragraph, denies any violation of law, and denies that Plaintiff is entitled to the relief sought.

## CAUSE OF ACTION – VIOLATION OF THE FLSA

34. This Paragraph contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is nonetheless required, Defendant denies the factual allegations in this Paragraph, denies any violation of law, and denies that Plaintiff is entitled to the relief sought.

35. This Paragraph contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is nonetheless required, Defendant denies the factual allegations in this Paragraph, denies any violation of law, and denies that Plaintiff is entitled to the relief sought.

36. This Paragraph contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is nonetheless required, Defendant denies the factual allegations in this Paragraph, denies any violation of law, and denies that Plaintiff is entitled to the relief sought.

37. This Paragraph contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is nonetheless required, Defendant denies the factual allegations in this Paragraph, denies any violation of law, and denies that Plaintiff is entitled to the relief sought.

38. This Paragraph contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is nonetheless required, Defendant denies the factual allegations in this Paragraph, denies any violation of law, and denies that Plaintiff is entitled to the relief sought.

**PLAINTIFF'S PRAYER**

Plaintiff's Prayer contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is nonetheless required, Defendant denies the factual allegations in this Paragraph, denies any violation of law, and denies that Plaintiff is entitled to the relief sought.

**DEFENSES AND AFFIRMATIVE DEFENSES**

39. Without conceding that it bears the burden of proof as to any issue, Defendant asserts the following defenses and affirmative defenses to some or all of Plaintiff's claims and/or damage requests, each in the alternative and to the extent necessary and applicable:

40. The Complaint fails to state a claim in whole or in part upon which relief may be granted against Defendant.

41. The Complaint fails to state facts sufficient to support an award of actual, compensatory, punitive, exemplary, or liquidated damages.

42. Defendant took no action in violation of any federal or state law, including without limitation the FLSA. Instead, Defendant acted in compliance with applicable employment laws at all times.

43. Defendant acted reasonably and in good faith at all material times to this proceeding based on the facts and circumstances available and known to Defendant at the time.

44. If Plaintiff has been damaged as alleged, such damages were caused by his own acts or omissions, by the acts or omissions of third parties beyond Defendant's control, or by the acts or omissions of third parties for which Defendant are not responsible.

45. Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of waiver, laches, consent, acquiescence, ratification, unclean hands, failure of conditions precedent, after-acquired evidence, mitigation, *res judicata*, statute-of frauds, statute or other periods of repose or

limitations, accord and satisfaction, spoliation, lack of authority, collateral or judicial estoppel, and/or negligent or intentional misrepresentation.

46. Defendant had no knowledge, actual or constructive, of any uncompensated work time.

47. Plaintiff was covered by one or more of the overtime exemptions or exclusions contained in or implied by all applicable federal laws, rules, and regulations.

48. The activities for which Plaintiff seeks compensation were not "work" under the meaning of the FLSA. The activities were not integral and indispensable to the principal activities of his employment and/or were for their own benefit or convenience. To the extent Plaintiff worked any uncompensated time, Defendant lacked actual or constructive knowledge of such work activities or the time spent in performing those activities.

49. Some or all of the time Plaintiff spent allegedly performing uncompensated work, if any, do not count as hours worked or compensable time because: (a) any activities performed were not suffered or permitted; (b) the time was commuting, travelling, walking, or waiting time that is excluded from hours worked; (c) the time was preliminary or postliminary time that is excluded from hours worked; (d) the time is *de minimis* time that is excluded from hours worked; (e) the time is otherwise excluded from hours worked under the Portal-to-Portal Act and related provisions; (f) the time is non-compensable under relevant custom and practice; and/or (g) the alleged work or activities did not occur or were not actually conducted.

50. Plaintiff's claims are barred by the applicable statutes of limitation governing commencement of suit and/or recovery of relief of any nature, legal or equitable, or otherwise available under the FLSA, including, without limitation, unpaid overtime wages, liquidated damages, prejudgment interest, and attorneys' fees and costs.

51. To the extent Defendant is found liable for any unpaid wages or other amounts, Defendant claims a credit or setoff for (a) all amounts actually paid to Plaintiff, (b) all amounts advanced or paid in excess of that to which Plaintiff were legally entitled, (c) all amounts paid as premium rates that were not calculated as part of their regular rates, (d) all times that Plaintiff reported or claimed as work time that they did not in fact work, (e) all amounts of time to which Plaintiff were not entitled under the relevant wage statutes, (f) all other amounts or time that Plaintiff received or took to which Plaintiff were not entitled, if any, and (g) all other amounts that may be lawfully deducted from any amount awarded to Plaintiff under the FLSA and/or applicable law.

52. No act or omission of Defendant that is alleged to have violated the FLSA was willful, knowing, or in reckless disregard for the provisions of the law. Therefore, Plaintiff is not entitled to penalty, multiplication of or addition to damages (including liquidate damages), or extension of any statute of limitations period.

53. Plaintiff's claims are barred by the doctrine of estoppel. Plaintiff is estopped from bringing a cause of action under the FLSA or from receiving time and one-half for any hours worked in excess of forty in a work week because he, among other things, accepted the denominated rate of pay and/or failed or refused to comply with the prevailing terms, conditions, policies, and/or procedures governing their employment. To the extent the evidence shows Plaintiff may have misled Defendant concerning working hours or compensable activities, Plaintiff should not profit from such actions.

54. No award of attorneys' fees could be appropriate or reasonable for Plaintiff under the FLSA because Plaintiffs was paid above minimum wage, was paid all amounts due, and failed to identify or report the time or amounts he seeks or claims as due.

55. To the extent allowed by law, Defendant seeks recovery of their reasonable and necessary attorneys' fees and costs.

56. Defendant hereby gives notice that it may rely upon other applicable defenses and affirmative defenses as may become available or apparent during the course of discovery in this case. Defendant hereby reserves the right to amend this Answer; to add additional defenses or affirmative defenses; to delete or withdraw any of its defenses or affirmative defenses; to seek attorneys' fees and costs under any applicable law; and to add counterclaims as may become necessary after a reasonable opportunity for discovery.

## PRAYER

Defendant Premier Coil Solutions request that Plaintiffs take nothing by their suit; that Plaintiff's claims be dismissed with prejudice; that judgment be entered in Defendant's favor; and that Defendant recover its court costs and such further relief to which Defendant is justly entitled.

**Dated:  April 29, 2019**                    Respectfully submitted,

**JACKSON LEWIS P.C.**

  */s/ Phillip A. Baggett*
William R. Stukenberg
Texas Bar No. 24051397
William.Stukenberg@jacksonlewis.com
Phillip A. Baggett
Texas Bar No. 24092067
Phillip.Baggett@jacksonlewis.com
Wedge International Tower
1415 Louisiana Street, Suite 3325
Houston, Texas 77002
Telephone: (713) 650-0404
Facsimile: (713) 650-0405

**ATTORNEYS FOR DEFENDANT
PREMIER COIL SOLUTIONS**

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed *Defendant Premier Coil Solutions' Original Answer to Plaintiff's Original Complaint* on April 29, 2019, with the clerk of the Court of the United States District Court for the Southern District of Texas using the CM/ECF system pursuant to the Court's electronic filing requirements, which constitutes service of the filed documents on all counsel of record as listed below.

>  */s/ Phillip A. Baggett*
>  Phillip A. Baggett